# In the United States Court of Federal Claims

No. 15-938
Filed: October 11, 2019

|  |  |
|---|---|
| BRUCE CIAPESSONI, ELISA CIAPESSONI, BOB F. HANSEN, HANSEN ENTERPRISES, R&H AGRI-ENTERPRISES, ELDORA ROSSI, ROSSI & CIAPESSONI FARMS, and ROSSI & ROSSI, on behalf of themselves and all others similarly situated, et al, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENTS OF EXPENSES**

The Court has considered Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses, and Defendant's response thereto, and orders as follows:

The Court approves Class Counsel's request, pursuant to RCFC 23(h) and 54(d)(2), for an award of attorneys' fees and reimbursement of expenses, including payment of Notice and Administration Costs to the Settlement Administrator, from the Settlement Amount and the Supplemental Settlement Amount[1] (together, the "Common Fund"), as follows.

The Settlement Agreement provides that Class Counsel shall apply to the Court for an award of attorneys' fees of up to 25% of the Common Fund. The Settlement Agreement further provides that Defendant, the United States, agrees not to object to attorney-fee compensation paid from the Common Fund of up to 25% of the Common Fund. Defendant further agrees not to object to Plaintiffs' petition for reimbursement of reasonable, documented, actual expenses in

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as those set forth in the Settlement Agreement.

connection with Plaintiffs' litigation and settlement of this action, as well as Notice and Administration Costs, to be paid out of the Common Fund.

Attorneys' fees are authorized by law "on the equitable notion that lawyers are entitled to reasonable compensation for their professional services from those who accept the fruits of their labors." *Moore v. United States*, 63 Fed. Cl. 781, 786 (Fed. Cl. 2005). The Settlement Notice advised the Class that Class Counsel would ask the Court to award Class Counsel attorneys' fees equal to 25% of the Common Fund to compensate them for their efforts in investigating the facts, litigating the claims, negotiating the settlement, and implementing the settlement on behalf of the Settlement Class, and for their risk in undertaking this representation on a contingent basis, and advised them of their right to object to the requested attorneys' fees and expenses.

The Court finds and determines that the payment to Class Counsel from the Common Fund in the amount of 25% of the Settlement Amount of $85,000,000.00, or $21,250,000.00, plus 25% of the Supplemental Settlement Amount of $882,351.60, or $220,587.90, for a total of $21,470,587.90, is fair and reasonable. The Court finds that the reasonableness of the fees is supported by the following factors: (a) the quality of counsel; (b) the complexity and duration of the litigation; (c) the risk of nonrecovery; (d) the fee that likely would have been negotiated between private parties in similar cases; (e) lack of any Class member objections to the fees requested by Class Counsel; (f) the percentage applied in other class actions; and (g) the size of the award. *Moore*, 63 Fed. Cl. at 786.

The Court approves Class Counsel's request for reimbursement from the Common Fund of reasonable expenses incurred by Class Counsel in connection with the litigation. Class Counsel have expended $355,043.72 in reimbursable expenses, including costs of conference call services, PACER fees, copy charges, Class Counsel's travel costs, some past expenses of the Settlement Administrator, and certain charges by consultants. Such expenses typically billed to paying clients may be recovered by Class Counsel. *Brown v. Pro Football*, 839 F. Supp. 905, 916 (D.D.C. 1993), *rev'd on other grounds*, 50 F.3d 1041 (D.C. Cir. 1995). Class Counsel have provided an itemized accounting of the litigation expenses incurred. The Court finds and determines that payment to Class Counsel in the amount of $355,043.72 in expense reimbursement is fair and reasonable.

The Court approves Class Counsel's request for payment from the Common Fund of Notice and Administration Costs to the Settlement Administrator. The Settlement Administrator disseminated and processed opt-in notices to potential members of the Class and was approved by this Court to administer the settlement notice and claims process. The Settlement Administrator will continue to administer the claims, issue settlement checks to Settlement Class Members, respond to inquiries from Class members, administer the website for the Settlement, and perform other claims administration services for months after the Fairness Hearing. Class Counsel have provided an itemized accounting of the Notice and Administration Costs, including a fixed fee for all unreimbursed past services and future services of the Settlement Administrator.

The Court finds and determines that the payment of the Notice and Administration Costs from the Common Fund to the Settlement Administrator in the amount of $428,855.54 is fair and reasonable.

For these reasons, the Court grants Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses in full, in the amounts set forth herein.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge