# In the United States Court of Federal Claims

No. 15-938
Filed: October 11, 2019

|  |  |
|---|---|
| BRUCE CIAPESSONI, ELISA CIAPESSONI, BOB F. HANSEN, HANSEN ENTERPRISES, R&H AGRI-ENTERPRISES, ELDORA ROSSI, ROSSI & CIAPESSONI FARMS, and ROSSI & ROSSI, on behalf of themselves and all others similarly situated, et al, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

Pursuant to Rule 23(e) of the Rules of the United States Court of Federal Claims (RCFC), the Court has reviewed Plaintiffs' Motion for Final Approval of Class Action Settlement Agreement and supporting filings, including the Settlement Agreement[1] dated as of July 15, 2019 (Dkt. No. 82-1), which sets forth the terms and conditions for the proposed settlement of this matter.

Based upon the Court's review, the arguments of counsel and the findings below, the Court being fully advised in the premises finds good cause to grant the motion, and thus **IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1. The Court has jurisdiction over the subject-matter of this action, the Parties, and all Settlement Class Members and all Persons who obtain releases as a result of the Settlement Agreement.

2. As confirmed by the declaration filed with the Court by KCC Class Action Services, LLC ("KCC"), the Court-appointed Settlement Administrator, the Notice Plan was

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as those set forth in the Settlement Agreement.

implemented as directed by the Settlement Agreement and the Court's July 18, 2019 preliminary approval order (Dkt. No. 83), as follows: (a) KCC sent direct notice of the Settlement Agreement via First Class U.S. Mail to the last known postal addresses of all persons within the Class, including 4,853 Settlement Notices, 1,303 Affiliate Settlement Notices, and 1,337 Deemed Settlement Notices; (b) KCC sent direct notice of the Settlement Agreement to email addresses of persons in the Class for whom KCC had email addresses, including 97 Settlement Notices; (c) Internet notice was provided to the Class at the settlement website www.reserveraisinsclassaction.com, established and maintained by KCC, an informational and interactive website specific to the case that provided access to copies of the Settlement Notice, the Affiliate Settlement Notice, the Deemed Settlement Notice, the Settlement Agreement, a withdrawal form for Affiliate Class Members, and other related Court and settlement documents.

3. Notice of the settlement, pursuant to the Settlement Agreement and the July 18, 2019 preliminary approval order, was the best notice practicable under the circumstances and constituted due, sufficient, and reasonable notice to the Class and complied fully with the requirements of RCFC 23 and of Due Process. The Notice apprised the Class of the items required by RCFC 23(c)(2)(B), the key terms of the Settlement Agreement, Class Counsel's request for attorneys' fees and reimbursement of expenses, Plaintiffs' request for Time and Effort Amounts, and Settlement Class Members' rights to object to the Settlement Agreement, to Class Counsel's request for attorneys' fees and reimbursement of expenses, and/or to Plaintiffs' request for Time and Effort Amounts.

4. The Settlement Administrator received two comments in full support of the Settlement from Sun-Maid Growers of California ("Sun-Maid") and the Raisin Bargaining Association ("RBA"). The deadline for objections has passed. No Settlement Class Members have objected to the Settlement Agreement, the Plaintiffs' request for a Fee and Expense Award, or the Plaintiffs' request for Time and Effort Amounts. In addition, no Settlement Class Member served a notice of intent to appear at the Fairness Hearing. This lack of opposition to the Settlement Agreement supports final approval.

5. The Court finds that Sun-Maid and the RBA validly opted in on behalf of their members. Each of their members (i) who was a member of the certified class defined in Paragraphs 16 and 17 of the Settlement Agreement and (ii) did not withdraw from participation as explained in Paragraph (6) below, is included in the Settlement Class, is bound by the Settlement Agreement, including the releases, and shall be paid by the Settlement Administrator his, her, or its respective Settlement Amount Share from the Settlement Amount.

6. The Settlement Agreement provides that Sun-Maid and RBA members that previously requested in writing not to participate in the settlement, or that timely withdrew from the settlement pursuant to Paragraph 46 of the Settlement Agreement, are not Affiliate Class Members and as a result are not Settlement Class Members, bound by the Settlement Agreement, and shall not be paid anything by the Settlement Administrator. Class Counsel has provided to Defendant the list of ten (10) Sun-Maid members that previously requested in writing not to participate in the settlement and the list of seven (7) Sun-Maid

and RBA members that timely withdrew from the settlement pursuant to Paragraph 46 of the Settlement Agreement. No Affiliate Class Member served an untimely request to withdraw.

7. As of October 7, 2019, a total of 143 Agreement to Be Bound forms were received by the Settlement Administrator from potential Deemed Settlement Class Members. Of this total, 125 were timely postmarked, 2 were postmarked on September 3, 2019, and 16 were postmarked after September 3, 2019. With the consent of the parties, and notwithstanding anything to the contrary in the Settlement Agreement, the Court declares that Agreement to Be Bound forms received by the Settlement Administrator by October 7, 2019, are timely and that those persons or entities who submitted the 143 Agreement to Be Bound forms are hereby designated Deemed Settlement Class Members in accordance with Paragraph 49 of the Settlement Agreement. The Supplemental Settlement Amount is therefore $882,351.60.

8. In accordance with RCFC 23(e)(4), Opt-In Class Members that were not Affiliate Class Members were provided notice of their opportunity to request withdrawal from the settlement. No such withdrawal requests were received.

9. In accordance with RCFC 23(e)(3), the Parties disclosed the existence of a fee sharing agreement between Class Counsel and Brian C. Leighton. The Court finds that Class Counsel may apportion the Fee and Expense Award in accordance with the terms of that agreement.

10. Under RCFC 23(e), a class action may be settled only with the Court's approval. The Court may approve the settlement only after finding that the proposed settlement is fair, reasonable, and adequate. RCFC 23(e)(2). In general, "[s]ettlement is always favored," especially in class actions where the avoidance of formal litigation can save valuable time and resources. *Sabo v. United States*, 102 Fed. Cl. 619, 626 (2011). "Settlement proposals enjoy a presumption of fairness afforded by a court's preliminary fairness determination." *Id.* A court has discretion to accept or reject a proposed settlement, but it may not alter the proposed settlement, nor may it decide the merits of the case or resolve unsettled legal questions. *Adams v. United States*, 107 Fed. Cl. 74, 75–76 (2012). By order dated July 18, 2019, the Court previously found, subject to a final determination, that the Settlement Agreement was fair, adequate, and reasonable. (Dkt. No. 83). The Court hereby gives final approval to the Settlement Agreement and finds that the Settlement Agreement is, in all respects, fair, reasonable, adequate, and in the best interests of the Class pursuant to RCFC 23(e) and hereby directs that it shall be effectuated in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated as if explicitly set forth herein and shall have the full force of an Order of this Court, except as otherwise modified by this order.

11. Pursuant to RCFC 23(e)(2), the Court finds that (i) the class representatives and Class Counsel have adequately represented the Class; (ii) the Settlement Agreement is the product of good faith negotiations at arm's length and is not the product of fraud or collusion; (iii) the relief provided to the class, including the Settlement Amount and

Supplemental Settlement Amount, is adequate, taking into account the costs, risks, and delay of trial and appeal, the effectiveness of the method of distributing the Settlement Amount and Supplemental Settlement Amount to Settlement Class Members, the terms of the Fee and Expense Award, and the fee sharing agreement between Class Counsel and Brian C. Leighton; and (iv) the Settlement Agreement treats Settlement Class Members equitably relative to each other.

12. The Court further finds that final approval of the Settlement Agreement is warranted in light of its consideration of the following additional factors: (a) the relative strengths of plaintiffs' case compared to the proposed Settlement; (b) the recommendation of Class Counsel regarding the proposed Settlement Agreement, taking into account the adequacy of Class Counsels' representation of the Class; (c) the reaction of the Class Members to the proposed Settlement Agreement, taking into account the adequacy of Notice to the Class Members of the Settlement terms; (d) the fairness of the Settlement Agreement to the entire class; (e) the fairness of the provision for attorneys' fees and reimbursement of expenses, including timing of payment; and (f) the ability of Defendant to withstand a greater judgment, taking into account that Defendant is a governmental actor.

13. The Court approves Plaintiffs' request for the payment of the Time and Effort Amounts to the named Plaintiffs. The Court finds and determines that an award of $12,500 each to Plaintiffs (i) Bruce and Elisa Ciapessoni, (ii) Bob F. Hansen, (iii) Hansen Enterprises, (iv) R&H Agri-Enterprises, (v) Eldora Rossi, (vi) Rossi & Ciapessoni Farms, and (vii) Rossi & Rossi for their services as class representatives, in addition to any amounts that may be paid to them as Class Members, is fair and reasonable.  The Court hereby gives final approval to and orders that payment of such amounts be made to Plaintiffs out of the Settlement Amount and Supplemental Settlement Amount in accordance with the terms of the Settlement Agreement.  Such payment is appropriate compensation for their time and effort and risks incurred in serving the Class in this litigation and achieving the benefits for the Class, none of whom has objected to such an award.

14. The Court authorizes the Settlement Administrator to issue settlement checks to a Settlement Class Member's heirs, assigns, or successors upon receipt of an affidavit under penalty of perjury from such person or persons attesting that he, she or they are the sole and rightful heir(s), assign(s), or successor(s) of the Settlement Class Member.

15. This lawsuit is dismissed with prejudice.

16. There is no just reason for delay of entry of judgment; a separate judgment will be entered under RCFC 58(a) concurrent with this order.  The Court finds that such judgment will be final and no longer subject to appeal at any level because there were no objections filed, either (i) in the time and manner prescribed by the Settlement Agreement and the Court's July 18, 2019 preliminary approval order, or (ii) otherwise before the October 8, 2019 hearing.  Accordingly, the Court further finds that the Settlement Finalization Date is the date of entry of judgment.

17. The Court will retain jurisdiction to enforce the Settlement Agreement until each and every act agreed to be performed by the Parties has been performed pursuant to the Settlement Agreement.

**IT IS SO ORDERED.**

                                                s/ *Loren A. Smith*
                                                Loren A. Smith,
                                                Senior Judge